IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**Case No.**

BANK OF AMERICA, N.A.,

    Plaintiff,

    v.

LASER SKIN SOLUTIONS JACKSONVILLE, INC., and JILL LEZAIC, Individually,

    Defendants.

_____/

## COMPLAINT

NOW COMES **BANK OF AMERICA, N.A.**, Plaintiff herein, ("Plaintiff" or "BANA" or "Bank"), by and through counsel, and for its Complaint against Laser Skin Solutions Jacksonville, Inc. ("Laser Skin") and Jill Lezaic ("Lezaic")(collectively, the "Defendants"), respectfully states as follows:

### PARTIES, JURISDICTION AND VENUE

1. BANA is a federally chartered, national banking association with articles of association designating Charlotte, North Carolina as where its main office is located, with its principal place of business at 100 N Tryon Street, Charlotte, NC 28255. Under 28 U.S.C. § 1332(c), BANA is deemed a citizen of the

State of North Carolina. At all relevant times, BANA was, and is, authorized to do business in the State of Florida.

2. Laser Skin Solutions Jacksonville, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business located at 484 Jacksonville Drive, Jacksonville Beach, Florida 32250, which is located in this judicial district. Upon information and belief, Jill Lezaic is the President of Laser Skin.

3. Upon information and belief, Jill Lezaic is a citizen of the State of Florida domiciled in Jacksonville Beach, Florida and residing at 525 S. 3rd Street North #302, Jacksonville Beach, Florida 32250. Jill Lezaic is subject to personal jurisdiction in this Court because this suit arises out of Lezaic's guaranty of the obligations of Laser Skin to BANA.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue in this action is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the Defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this district.

### BACKGROUND

6. On or about November 26, 2013, for good and valuable

consideration, which included BANA's agreement to extend credit, Laser Skin, as Borrower, executed and delivered an Express Loan and Security Agreement in favor of BANA, as lender, in the original principal amount of Two Hundred Ninety Seven Thousand Twenty and 00/100 Dollars ($297,020.00) (as supplemented, renewed, amended or extended, the "Loan Agreement"). A true and accurate copy of the Loan Agreement is attached hereto as **Exhibit A** and made a part hereof.

7. The Loan Agreement included a promissory note (the "Note"), a security agreement granting BANA a security interest in all collateral and proceeds of the collateral of the Borrower along with a purchase money security interest in certain specific collateral (the "Security Agreement"), and a continuing and unconditional guaranty executed and delivered by Jill Lezaic in favor of Bank (the "Guaranty"). True and accurate copies of the Note, Security Agreement, and Guaranty are incorporated in Exhibit A.

8. The Loan Agreement, Note, Security Agreement and Guaranty shall hereafter be collectively referred to as the "Loan Documents."

9. BANA is the current owner and holder of the Loan Documents.

10. BANA has performed all its obligations and conditions precedent under the Loan Documents.

11. Under the terms of the Note, Laser Skin was required to remit

monthly payments to BANA.

12. Laser Skin failed to make the payment due on January 1, 2020 or any payment due thereafter (the "Payment Default").

13. BANA is entitled to late charges for any payment not made within ten (10) days after it first becomes due under Paragraph 4 of the Loan Agreement.

14. Failure to make payment when due is an event of default under Paragraph 9(ii) of the Loan Agreement.

15. Pursuant to Paragraph 10 of the Loan Agreement, upon the occurrence of an event of default, BANA is entitled to accelerate the Loan and to institute interest at the rate of five percent (5%) above the contractual rate of interest.

16. Pursuant to the Guaranty, Lezaic is liable for all amounts due BANA under the Loan Documents.

17. On or about October 8, 2020, BANA, by and through its counsel, send Defendants a Demand Letter indicating its intent to accelerate the entire outstanding balance due under the Loan Documents and to institute default interest (the "Demand Letter"). A true and accurate copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit B.**

18. The Defendants failed to make payment in response to the Demand

Letter.

19. As of June 4, 2021, the total balance due under the Loan Documents is $162,472.07, exclusive of attorneys' fees and costs, which is comprised of $139,003.12 in principal, $13,874.93 in accrued and unpaid regular interest, $7.104.61 in default interest, and $2,489.41 in late charges. Regular interest and default interest continue to accrue at the combined rate of $46.30.

20. BANA is entitled to recover its reasonable attorneys' fees and costs pursuant to Paragraph 10 of the Loan Agreement.

21. Pursuant to the Loan Agreement and Guaranty, the Defendants are jointly and severally liable for all indebtedness due BANA under the Loan Documents.

## COUNT I – BREACH OF CONTRACT
## AGAINST LASER SKIN SOLUTIONS JACKSONVILLE, INC.

22. BANA re-alleges and incorporates Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Laser Skin breached its obligations under the terms of the Loan Documents by failing to make payments when due.

24. Despite demand, Laser Skin has failed and continues to fail to make payment of the amounts due and owing under the Loan Documents.

25. Due to Laser Skin's default under the Loan Documents, as of June 4, 2021, the total balance due under the Loan Documents is $162,472.07, exclusive of

attorneys' fees and costs, which is comprised of $139,003.12 in principal, $13,874.93 in accrued and unpaid regular interest, $7.104.61 in default interest, and $2,489.41 in late charges. Regular interest and default interest continue to accrue at the combined rate of $46.30.  Interest, attorneys' fees and costs continue to accrue.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Laser Skin Solutions, Inc. as follows:

(a) Entry of judgment in favor of BANA and against Laser Skin Solutions, Inc. in the amount of $162,472.07 plus interest which accrues at the combined per diem rate of $46.30 after June 4, 2021;

(b) An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c) Such other and further relief as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT (GUARANTY) AGAINST JILL LEZAIC

26. BANA re-alleges and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Lezaic breached her obligations under the terms of the Guaranty by failing to make payments when due.

28.  Despite demand, Lezaic has failed and continues to fail to make

payment of the amounts due and owing under the Loan Documents.

29. Due to Lezaic's default under the Guaranty, as of June 4, 2021, Lezaic is indebted to BANA in the total amount of $162,472.07, exclusive of attorneys' fees and costs, which is comprised of $139,003.12 in principal, $13,874.93 in accrued and unpaid regular interest, $7.104.61 in default interest, and $2,489.41 in late charges. Regular interest and default interest continue to accrue at the combined rate of $46.30. Interest, attorneys' fees and costs continue to accrue.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Jill Lezaic as follows:

(a) Entry of judgment in favor of BANA and against Jill Lezaic in the amount of $162,472.07 plus interest which accrues at the combined per diem rate of $46.30 after June 4, 2021;

(b) An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c) Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        BANK OF AMERICA, N.A.

    By:   s/ Joseph P. Hynes
            One of Its Attorneys

>Joseph P. Hynes
>L&G LAW GROUP, LLP
>100 2nd Avenue South, Suite 706S
>St. Petersburg, FL 33701
>Phone: (773)294-5139
><u>jhynes@lgcounsel.com</u>