UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

v.                                        Case No. 3:21-cv-609-TJC-MCR

LASER SKIN SOLUTIONS
JACKSONVILLE, INC. and JILL
LEZAIC, Individually,

    Defendants.

## O R D E R

This case is before the Court on Plaintiff Bank of America, N.A. and pro se Defendants Laser Skin Solutions Jacksonville, Inc. and Jill Lezaic's Joint Motion to Dismiss and for Entry of Consent Decree. (Doc. 7). The parties informed the Court that they have settled and requested that the Court retain jurisdiction to enforce the terms of their settlement agreement. (Doc. 7). The Court reviewed the settlement agreement and directed the parties to file an Amended Consent Decree. (Docs. 9, 10). The Court held a hearing and requested the parties further clarify the amounts due under the settlement agreement. The parties filed the Second Amended Consent Decree. (Doc. 15).

> In considering whether to enter a proposed consent decree, courts should be guided by the general principle that settlements are encouraged. United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999).

> However, a court "must not merely sign on the line provided by the parties" and blindly accept the terms of a proposed consent decree. United States v. City of Miami, Fla., 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring). Prior to entering a consent decree, the court must satisfy itself that the agreement is fair, reasonable, lawful, and not contrary to public policy. Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1240, 1244 (11th Cir. 1997); see also United States v. City of Hialeah, 140 F.3d 968, 973 (11th Cir. 1998) ("The district court has the responsibility to insure that a consent decree is not unlawful, unreasonable, or inequitable." (internal quotation omitted)). And a court cannot enter a consent decree over the objections of a party whose legal rights would be affected by the decree. See City of Hialeah, 140 F.3d at 979; White v. Alabama, 74 F.3d 1058, 1073 (11th Cir. 1996). The court must consider the proposed consent decree as a whole and it "must stand or fall as a whole." United States v. DeKalb Cty., Ga., No. 1:10-CV-4039-WSD, 2011 WL 6402203, at *9 (N.D. Ga. Dec. 20, 2011).

Poschmann v. Lauderdale Boutique Hotel, LLC, No. 20-14198-CIV, 2020 WL 6785336, at *1 (S.D. Fla. Oct. 23, 2020), report and recommendation adopted sub nom. Pschmann v. Lauderdale Boutique Hotel, LLC, No. 20-14198-CIV, 2020 WL 6781788 (S.D. Fla. Nov. 18, 2020). The Court finds that the agreement is fair, reasonable, lawful, and not contrary to public policy.

Accordingly, it is hereby

**ORDERED:**

1. The parties' Joint Motion to Dismiss and Entry of Consent Decree (Doc. 7) is **GRANTED** as modified by the Second Amended Consent Decree (Doc. 15). The Court shall retain jurisdiction to enforce the parties' settlement agreement.

2

2. The Second Amended Consent Decree (Doc. 15) is **APPROVED**.

3. The case is **DISMISSED without prejudice** as set forth in the Second Amended Consent Decree (Doc. 15).

4. The Clerk shall terminate any pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Laser Skin Solutions Jacksonville, Inc.
c/o Jill Lezaic, Registered Agent
525 Third St. N., Suite 308
Jacksonville Beach, FL 32250

Jill Lezaic
525 Third St. N., Suite 308
Jacksonville Beach, FL 32250
drlezaic@aol.com